UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HARPER,<br><br>          Petitioner,<br><br>   v.<br><br>RODERICK HICKMAN, et al.,<br><br>          Respondents. | 1:05-cv-01421-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] |

Petitioner is a state prisoner proceeding in prop per on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 10, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at

1  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

2       In this petition, Petitioner claims that prison staff have engaged in a series of acts to deprive
3  him of his constitutional rights while in prison, including, inter alia, claims that the prison authorities
4  wrongfully interfered with mail between Petitioner and his family, that the prison laundry has lost
5  Petitioner's clothes, and that Petitioner has not been given needed medications.  Petitioner's claims
6  relate to the conditions of Petitioner's confinement, not to the fact of his confinement.

7       However, in Ground Two Petitioner also claims that insufficient evidence was presented at
8  trial to support the special circumstances allegation that Petitioner acted with reckless indifference to
9  human life. (Doc. 1, p. 11).  This claim would be entitled to habeas review; however, Petitioner's
10 conviction was in the Riverside County Superior Court, which is in the United States District Court
11 for the Central District of California.  (Doc. 1, p. 2).  Therefore, any claim challenging Petitioner's
12 conviction should have been filed in the United States District Court for the Central District of
13 California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to
14 the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.
15 1974).

16      Accordingly, except for his claim of insufficient evidence in Ground Two, Petitioner is not
17 entitled to habeas corpus relief on his claims, and all claims in this petition except for the insufficient
18 evidence claim should be dismissed.  Should Petitioner wish to pursue those claims, Petitioner must
19 do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The remaining claim of
20 insufficient evidence should be transferred to the United States District Court for the Central District
21 of California.

22      **RECOMMENDATIONS**

23      Accordingly, the Court RECOMMENDS the following:

24      1. That with the exception of Ground Two raising insufficiency of the evidence, all remaining
25 claims in the petition for writ of habeas corpus (Doc. 1) be DISMISSED because the petition does
26 not allege grounds that would entitle Petitioner to habeas corpus relief;

27      2. That the remaining claim in Ground Two should be transferred to the United States
28 District Court for the Central District of California; and

1   3. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims
2   pursuant to 42 U.S.C. § 1983.

3   These Findings and Recommendations are submitted to the United States District Judge
4   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
5   Local Rules of Practice for the United States District Court, Eastern District of California.  Within
6   thirty (30) days after being served with a copy, any party may file written objections with the court
7   and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
8   Judge's Findings and Recommendations."   The Court will then review the Magistrate Judge's ruling
9   pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within
10  the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
11  F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  Dated:   **April 2, 2007**                                    **/s/ Theresa A. Goldner**
    **j6eb3d**                                                    UNITED STATES MAGISTRATE JUDGE